UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

                              Civil Case No. 21-12508
                              Honorable Linda V. Parker

LEGACY LIFE & HEALTH QUOTES
LLC, S. USA LIFE INSURANCE
COMPANY, INC., KARSTEN VAETH,
ASHLYNN WOOD, and LUKE
FRANCO,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF NO. 7)**

Plaintiff initiated this lawsuit against Defendants in the Circuit Court for Washtenaw County, Michigan, on or about September 27, 2021. When Defendant S. USA Life Insurance Company failed to answer the Complaint, Plaintiff sought a Default Entry, which the Washtenaw Circuit Court granted as a Default Judgment Order on October 20, 2021. (ECF No. 1-4 at Pg ID 58.)

On October 25, 2021, Defendants Legacy Life & Health Quotes, LLC, Karsten Vaeth, Ashlynn Wood, and Luke Franco removed the action to this Court, asserting diversity jurisdiction. (ECF No. 1.) The matter is currently before the Court on S. USA Life Insurance Company's "Motion to Set Aside the Default

Entry and Default Judgment; and Request for Leave to Answer Plaintiff's Complaint."[1] (ECF No. 7.) S. USA Life Insurance Company also filed a brief with additional authority supporting its motion. (ECF No. 11.) Plaintiff filed a response in opposition to the motion. (ECF No. 12.) In the motion, S. USA Life Insurance Company's counsel represents

> due to a miscommunication with staff during the filing process, Defense counsel failed to pay the appropriate filing fee and the document was rejected by the clerk's office. Due to a busy litigation schedule, Defense counsel did not see that the Answer had been rejected until the morning of October 22, 2021, at which time Defense counsel immediately corrected the problem by paying the fee and resubmitting the pleading – which was accepted by the Court. Thereafter, counsel was provided with a copy of the Court's Default Entry and Default Judgment Order that had been signed and entered on October 20, 2021. In short, Defendant's failure to timely file its responsive pleading was the result of mistake, inadvertence, or at worst, excusable neglect

(ECF No. 7 at Pg ID 84.) In its supplemental brief, S. USA Life Insurance Company further explains that the court rejected its timely filed answer due to Defense counsel's failure to pay the appropriate fee with the filing. (ECF No. 11 at Pg ID 137); *see also* (Ex. A, ECF No. 11-1.) In response, Plaintiff opposes the motion arguing primarily that Defendants motion fails to articulate good cause and/or a meritorious defense. (ECF No. 12.) In

---

[1] S. USA Life Insurance Company filed an Answer to Plaintiff's Complaint on October 27, 2021. (ECF No. 5.)

2

addition, Plaintiff contends that the motion suffers from a myriad of procedural defects.[2] (ECF No. 12 at Pg ID 152-54.) The defects, however, do not impact the Court's decision on the motion.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default or a default judgment for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

The Sixth Circuit Court of Appeals has advised that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *See Shepard Claims Serv., Inc. v. William*

---

[2] Plaintiff asserts that he was not properly served by S. USA Life Insurance Company under Rule 5(b)(2)(e) of the Federal Rules of Civil Procedure as that he has not consented in writing to service via electronic mail. (ECF No. 12 at Pg ID 153-54.) S. USA Life Insurance Company's proofs of service do not reflect adherence to the Rule 5 requirements. Further, Plaintiff asserts that S. USA Life Insurance Company fails to comply with the Local Rules for the Eastern District of Michigan. (*Id.*) Counsel must properly serve Plaintiff and familiarize themselves with the local rules and this Court's practice guidelines. Future filings will be stricken for lack of compliance.

*Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Moreover, because federal courts favor trials on the merits, doubts should be resolved in favor of setting aside a default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). Applying this standard, the Court finds good cause to set aside the default entered against S. USA Life Insurance Company.

Accordingly,

**IT IS ORDERED** that Defendant S. USA Life Insurance Company's Motion to Set Aside Default or Default Judgment and Motion for Leave to Answer Plaintiff's Complaint (ECF No. 7) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 12, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 12, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager